IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED: OCTOBER 14, 2008
08CV5877
JUDGE KENNELLY
MAGISTRATE JUDGE VALDEZ
PH

| | |
|---|---|
| NICHOLAS DAVIS, | ) |
| Plaintiff, | ) |
| | ) Civil Action No. |
| vs. | ) |
| | ) |
| FAMILY DOLLAR, INC., | ) Judge: |
| | ) |
| Defendant. | ) Magistrate Judge: |

### COMPLAINT

Now comes the Plaintiff, Nicholas Davis, by his attorneys, Marshall J. Burt and Andrew J. Cohen, and for his Complaint against the Defendant, Family Dollar, Inc. he states as follows:

### Nature of the Action

1. The Plaintiff, Nicholas Davis, is disabled because he has insulin dependent diabetes. On or about April 30, 2007, the plaintiff suffered a hyperglycemic episode while working at the Defendant's store without any breaks to monitor his medical condition. Following a brief hospitalization, the plaintiff's physician returned him to work on May 7, 2007 with instructions to check his blood sugars four times a day and to drink juice when necessary. The Defendant, however, refused to accommodate the doctor's instructions, advising Plaintiff that he was not allowed to return to work with a medical condition and discharged him as of May 7, 2007. By discharging the plaintiff because of his disability, the Defendant violated the Americans With Disabilities Act, 42 U.S.C. §12111, *et seq*. and intentionally caused him to suffer emotional distress in violation of Illinois common law.

**Jurisdiction and Venue**

2. On June 21, 2007, Davis filed Charge No. 440-2007-05916 with the Equal Employment Opportunity Commission against the Defendant alleging discrimination on the basis of a disability.

3. Following its investigation, the EEOC determined on January 16, 2008 that Family Dollar discriminated against Davis because of his disability in that it refused to provide him with reasonable accommodations, refused to return him to work, and discharged him because he was disabled.

4. On September 4, 2008, the EEOC issued Davis a right to sue in federal court. This action has been commenced within ninety days from the date Davis received the Right to Sue Notice.

5. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1331 because the case involves a federal question brought under the Americans With Disabilities Act.

6. It also has diversity jurisdiction over the common law claim under 28 U.S.C. § 1332 because the plaintiff is a citizen of Illinois and the Defendant is a corporation organized under the laws of North Carolina and maintains its principle place of business in North Carolina. The amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Venue is appropriate in this district court under 28 U.S.C. §1391(b) and (c) because the Defendant's Sibley Blvd. store where plaintiff worked is located in this judicial district and the cause of action arose here.

**The Parties**

8. The Plaintiff, Nicholas Davis (hereinafter "Davis"), is an individual residing in Illinois.

9. The Defendant, Family Dollar, Inc. ("Family Dollar") is a corporation engaged in the retail business and employs in excess of 500 employees nationwide.

10. The Defendant, Family Dollar, owns and operates a retail store located at 100 East Sibley Blvd. in Harvey, Illinois at all relevant times hereto.

11. Nicholas Davis worked as a cashier at the Sibley Blvd. Family Dollar Store from on or about March 12, 2007 to on or about May 7, 2007.

**Plaintiff's Medical Condition**

12. At all times relevant hereto, Davis has insulin dependent diabetes (Type 1). The disease is a disability because it has substantially limited Davis in performing major life activities including, but not limited to, eating and the production of insulin within the body.

13. As a consequence of his diabetes, Davis must inject himself with insulin at a minimum of three times a day and must monitor his blood sugar level numerous times daily. Although he is able to manage his diabetes with constant monitoring and insulin injections, such care does not remedy all of the adverse effects of his diabetes.

14. One severe adverse effect of his diabetes is unpredictable hypoglycemic episodes which have a real and significant risk of death as a consequence.

15. On the occasions when Davis suffers from a hypoglycemic episode, his ability to think coherently is significantly impaired, as well as his ability to function both mentally and physically.

16. The Defendant was aware that Davis suffered from diabetes during his employment at the Sibley Blvd. Family Dollar store and had a record of a disability.

**Plaintiff's Hypoglycemic Episode At the Sibley Blvd. Store**

17. On or about April 30, 2007, Davis was working at the Sibley Blvd. Family Dollar Store and was not allowed to leave his position at the cash register to take breaks typically allowed employees, including a lunch or afternoon break.

18. Because of the prolonged period he spent at the cash register without a break, Davis was unable to monitor his diabetes. As a result, Davis began feeling disorientated, his heart rate began racing, and he was experiencing shortness of breath.

19. Because Davis began to feel the adverse effects of his diabetes, he continued to ask his store manager for a break to monitor his blood sugars, but the manager refused, insisting that Davis remain at the register.

20. Because Family Dollar refused to give Davis the time to monitor his blood sugars and take the necessary steps to control his deteriorating condition, Davis suffered a severe hyperglycemic episode where his legs became wobbly, his vision became blurred, and his thought process became impaired.

21. Davis, however continued to remain at work until his shift ended and proceeded shortly thereafter to the emergency room where he was immediately admitted.

22. Davis was hospitalized from approximately April 30, 2007 to May 2, 2007 at which time he was released without restrictions. The doctor, however, instructed Davis to continue checking his blood sugar at least four times a day and to drink orange juice if his blood sugars became low. He also instructed Davis to remain off work until May 7, 2007 in order to rest.

**Davis' Attempt to Return to Work**

23. Upon returning to work on May 7, 2007, Davis presented his release to defendant but

was told that the store does not have positions for employees with medical conditions. Accordingly, Davis was told he would not be allow to return to work until the "restrictions" reflected in his doctor's instructions were removed.

24. The medical instructions provided by Davis' doctor are necessary to keeping him alive and in no way prevented or interfered with his ability to perform his job as a cashier or otherwise impose an unreasonable burden on the defendant's business.

25. Because Defendant would not accommodate the plaintiff's diabetes, Davis could not return to work and was, therefore, discharged on May 7, 2007.

## Count I
(Violation of the Americans With Disabilities Act)

1-25. Davis adopts and incorporates paragraphs 1 through 25 above as paragraph 1 through 25 of this Count I.

26. The Defendant is an employer within the meaning of Title I of the Americans with Disabilities Act, 42 U.S.C. §12111(5)(A).

27. The Plaintiff is a qualified individual with a disability within the meaning of Title I of the Americans with Disabilities Act, 42 U.S.C.§12111(8).

28. The Defendant violated the Americans with Disabilities Act by failing to engage in an interactive process to discuss the instructions on his doctor's release and by refusing to provide the Plaintiff with any reasonable accommodation that would allow him to return to work and perform his job.

29. By failing to accommodation the Plaintiff's disability, the Defendant discriminated against the Plaintiff because of his disability in violation of the Americans with Disability Act, 42

U.S.C. §12112(a).

30. As a result of the violation of the Americans With Disabilities Act, the Plaintiff has suffered severe emotional distress, in addition to financial losses.

31. The Defendant's violation of the American With Disabilities Act was in wilful disregard of the plaintiff's federal protected rights. Accordingly, punitive damages are warranted.

Wherefore, the Plaintiff, Nicholas Davis, requests that this Court enter judgment in his favor and against the Defendant, Family Dollar, Inc. and to grant him the following relief:

    a. Declare that the acts and practices complained of herein are in violation of Title VII, 42 U.S.C. § 12101 *et seq*;

    b. Restrain and permanently enjoin these violations of the Americans With Disabilities Act;

    c. Direct the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful practices are eliminated and do not continue to affect the Plaintiff's employment conditions and opportunities;

    d. Award Plaintiff lost wages;

    e. Reinstate the Plaintiff's employment or, if reinstatement is not feasible, to award the Plaintiff front pay;

    f. Award Plaintiff compensatory damages and damages for his mental anguish and humiliation;

    g. Award the plaintiff punitive damages;

    h. Award Plaintiff his costs incurred in connection with this action, including reasonable attorney's fees; and

    i. Grant Plaintiff such other and further relief as this Court deems just and proper.

## COUNT II
(Intentional Infliction of Emotional Distress)

1-25.	Plaintiff incorporates paragraphs 1 through 25 of Count I as paragraphs 1 through 25 of this Count II.

26.	The Defendant knew that the plaintiff was suffering from diabetes that made the plaintiff physically and emotional vulnerable.

14.	Knowing that plaintiff was physically and emotionally vulnerable during the period of time he was suffering from a hyperglycemic episode, the defendant used its position of dominance and authority over the plaintiff to discharge Davis from his employment on or about May 7, 2007 without just cause and in violation of federal law.

27.	By intentionally engaging in the foregoing egregious course of conduct, the defendant knew or should have known that there was a high probability that its conduct would inflict severe emotional distress on the plaintiff.

28.	As a result of the extreme and outrageous conduct of the defendant, Davis did, in fact, suffer severe emotional distress.

Wherefore, the plaintiff Nicholas Davis requests that this Court enter judgment in his favor and against the Defendant and to award him damages in excess of $75,000, and such additional amounts that the Court deems just and proper under the circumstances.

PLAINTIFF DEMANDS A JURY ON ALL COUNTS

Respectfully submitted,

NICHOLAS DAVIS

By:/s/ Marshall J. Burt
One of his attorneys

Marshall J. Burt, Esq.
Andrew J. Cohen, Esq.
77 West Washington Street
Suite 1900
Chicago, IL 60602
(312) 419-1999
marshall@mjburtlaw.com